ESTATE OF CHAVIER *v.* THE MUNICIPALITY OF ADJUNTAS.

APPEAL from the District Court of Ponce.

No. 140.—Decided December 20, 1907.

ALLEGATIONS—DEMURRER—CAUSE OF ACTION—RECOVERY.—In the complaint filed in this case it is alleged that the plaintiffs acquired the real property forming a part of the land which they claim, by an award in payment of a mortgage

credit; that they were placed in possession of the real property and that the defendant corporation, against the will of° the owners and without any compensation whatsoever, has occupied and devoted to the purpose of a public cemetery a parcel of land belonging to the property so awarded. *Held:* That said facts constitute the cause of action. exercised, which is an action to recover property, inasmuch as the title of plaintiff and possession by the defendant are alleged.

FORECLOSURE OF MORTGAGE—SALE OF MORTGAGED PROPERTY—DEED OF AWARD.—A public sale of mortgaged property having been held before the district court in accordance with the law in force prior to the promulgation of the Code of Civil Procedure now in force, that court only has the power to execute the deed of sale or award of such property, and the provisions of section 259 of said Code, which was in force at the date upon which such deed was executed, cannot be applied to this special case because the marshal did not hold the sale of the property nor have the capacity to execute a deed of award thereto.

EVIDENCE—PUBLIC INSTRUMENT.—The certificate of a notary authenticating a copy of a deed to the effect that such copy is a true and faithful reproduction of the original deed on file in his office is sufficient to consider the fact of such document having been publicly recorded as proven.

ID.—PRESUMPTION WITH RESPECT TO THE USE OF LAND FOR A CEMETERY.—It neither having been alleged nor proved that the land claimed by the plaintiff in this case was used as a cemetery for five years with the consent of the owner, the presumption established in subdivision 37 of section 102 of the Law of Evidence cannot be invoked.

The facts are stated in the opinion.

*Mr. Boerman* for appellant.

*Messrs. Tord, Toro & Canales* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On November 7, 1905, the Estate of Aristides Chavier y Chardon filed a complaint in the District Court of Ponce against the Municipality of Adjuntas, reading as follows:

"The Estate of Aristides Chavier y Chardon, composed of his widow, Rosario Ramos y Gomez, and of his children, Juan Alfredo, Lorenza Amanda,, Rosario América, Luis Alcides, and Aida Mercedes Chavier y Ramos, through their counsel, Tord, Toro and Canales, file this complaint against the municipality of Adjuntas represented by its *alcalde,* Américo Rodríguez, alleging:

"First. That by deed executed on September 28, 1904, under No. 32, before Notary Gustavo Rodríguez of Ponce, José Tous y Soto, at that time Judge of the District Court of Ponce, assuming *ex officio* the representation of Juan Avaristo Tacoronte y Quintana

and of La Unión Agrícola, a joint-stock company, awarded, in payment of a mortgage credit, to the Estate of Aristides Chavier consisting of the above-named persons, the following described property:

"A coffee plantation called Buena Vista situated in the *barrio* of Garzas, Municipal District of Adjuntas, having an area of 198.05 *cuerdas,* equivalent to 78 hectares, 6 ares, and 75 centares, of which 170 *cuerdas* are planted to coffee and bananas, the remaining consisting of pasture and some uncleared land. It contains a wooden, palm-leaf-roofed warehouse for the storage of produce; a frame house containing machinery for hulling coffee by animal power, and a masonry glacis for drying coffee. It is bounded on the north by lands belonging to Antonio de Jesús; on the east by the river and lands belonging to Ramón Figueroa, formerly of José Zayas; on the south by other lands belonging to the said Figueroa which had belonged to the said Zayas, and lands belonging to Antonio Tacoronte; and on the west by lands belonging to José Batista now belonging to his estate, lands of Marcelino García and Diego Batis and Martín Torres.

"Second. The plaintiffs received the possession of the estate described through the district court.

"Third. The defendant corporation has taken possession of and devoted to a public cemetery 4 *cuerdas* of the 198.05 *cuerdas* described, against the will of the owners and without having paid them anything for such seizure and occupation.

"Fourth. That the 4 *cuerdas* of land have a value of $600, and are bounded as follows: On the north by a brook which separates them from the property of Antonio Conde; on the east by the Adjuntas-Utuado Road; and on the south and west by the remainder of the estate belonging to the plaintiffs.

"Upon all these grounds we pray the court to render judgment recognizing the ownership in favor of the plaintiffs of the 4 *cuerdas* described in the last allegation of this complaint, and adjudging the defendant corporation to leave said 4 *cuerdas* of land at the free disposition of the plaintiffs; and if the honorable court should hold that owing to the use to which said tract of land has been put it cannot be returned to the possession of the plaintiffs, we pray the court to render judgment adjudging the Municipality of Adjuntas to pay the sum of $600 upon the execution by the plaintiffs of a deed conveying the ownership of said tract of land to the Municipality of Adjuntas, which the plaintiffs hereby offer to do; and also adjudging the defendant corporation to pay the costs. Tord, Toro & Canales, attorneys for the plaintiffs."

The defendant demurred to this complaint as follows:

"The defendant municipality appears before the judge of this court, through its attorneys, Boerman and Llorens, and demurs to the complaint on the following grounds:

"1. That the complaint does not state facts sufficient to constitute a cause of action.

"2. That the complaint is ambiguous, unintelligible and uncertain, because, even assuming that the facts stated in the complaint were true, they themselves show that the action brought cannot be successful.

"We pray the court that in due time it sustain this demurrer and make all the declarations which may be proper in law, taxing the costs of these proceedings against the plaintiffs.

"This is justice, for which we pray, in Ponce, November 14, 1906.

"Respectfully, Boerman and Llorens, attorneys for the Municipality of Adjuntas."

The Ponce court, by decision of January 14 of the current year, overruled the demurrer and granted the defendant 10 days in which to file its answer. The Municipality of Adjuntas made answer to the complaint within this period denying absolutely the allegations contained therein, and praying that it be dismissed, with the costs against the plaintiff.

A day having been set for the trial, it was held, and judgment was rendered and entered on April 13 last sustaining the complaint and adjudging the Municipality of Adjuntas to pay to the Estate of Aristides Chavier the sum of $600 as the price of the parcel of land referred to in the complaint, the plaintiff upon receiving said sum to execute the proper deed in favor of the defendant and execution to issue for the satisfaction of the judgment, of the costs and of the expenses which the plaintiff may have incurred by reason of the prosecution of his action.

The Municipality of Adjuntas took an appeal from this judgment to this Supreme Court five days after it was rendered, and the proper record, containing a bill of exceptions accepted by both parties and approved by the judge, has been received here.

According to this bill, the exceptions taken during the trial by counsel for the defendant were the two following: ,

1. That the plaintiffs having presented a copy of a public deed as the only evidence to establish the ownership of the lands they claim, the defendant objected to the admission thereof because it had been executed by persons holding no power of attorney or legal authority therefor, and because it was not duly recorded, notwithstanding which said document was admitted as evidence, an exception to such admission being noted.·

2. That after all the evidence of the plaintiffs to establish the ownership and identity of the estate and its value had been presented and heard, the defendant moved for an order holding that the action had been withdrawn or abandoned, because the only evidence presented to establish the ownership of the real property in litigation—that is to say, the deed referred to—was not sufficient for the end sought, which motion was denied, an exception also being noted.

In his brief in this Supreme Court the appellant maintains both the demurrer and the two exceptions taken during the course of the trial, and therefore prays for the reversal of the judgment appealed from, with the costs against the respondents.

The first ground of the demurrer to the complaint, to the effect that it does not state facts sufficient to constitute a cause of action, cannot be sustained, because they pray that judgment be rendered recognizing in their favor the ownership of the 4 *cuerdas* of land they describe, and to this end they allege that they acquired the real property or plantation, of which such land forms part, by a public deed of award in payment of a mortgage credit executed under date of September 28, 1904; that they were placed in possession of the real property, and that the defendant corporation had taken possession of and devoted to a public cemetery 4 *cuerdas* of the land awarded against the will of the owners and without any com-

pensation whatsoever. These facts undoubtedly constitute a cause of action for the recovery of land of which the plaintiffs are owners and of which they were dispossessed without reason or right by the defendant. Section 2182 of volume 2 of the legal work, entitled ''Estee's Pleadings;'' says: ''That in an action for recovery the facts which the plaintiff must allege as material are: First, the title of the plaintiff, and second, the possession of the defendant.'' The Estate of Aristides Chavier has complied with both requisites.

Nor can it be admitted that the complaint is ambiguous, unintelligible and doubtful, because the terms thereof are clear, and any person, even though not versed in the study of law, can understand it by merely reading it.

Let us now examine the first exception taken during the trial. The appellant maintains that the deed of award presented by the plaintiff as evidence of ownership is a void instrument, because the judicial sale to which it refers appears to have been made by the judge of the Ponce court, José Tous Soto, under date of September 28, 1904, acting on behalf of the owners, Juan E. Tacoronte and La Unión Agrícola, of the estate in litigation, without having the legal or consensual representation of said vendors, for the reason that on said date the present Code of Civil Procedure and the Act, creating the office of district marshal and defining his duties, approved March 1 of said year 1904, were already in force.

In order to determine the value of this allegation, it becomes necessary to set forth some antecedents of the deed in question as they appear therefrom.

Juan Evaristo Tacoronte y Quintana, according to a deed of March 17, 1898, owed Aristides Chavier y Chardon 7,000 provincial *pesos,* equivalent to $4,200, which he agreed to pay in three installments, constituting a mortgage on the estate described in the first allegation of the complaint, to secure the debt. The debt was reduced to $3,795, and upon the death of Chavier the credit was awarded in different proportions to his

widow and children, now the plaintiffs. By deed of October 21, 1903, Tacoronte segregated 193 *cuerdas* from the mortgaged estate which he conveyed to the Unión Agrícola, a joint-stock company, retaining 5.05 *cuerdas* of the entire original estate. On November 7, 1903, the creditors instituted in the Ponce court the special summary proceedings provided by the Mortgage Law against Juan Evaristo Tacoronte and La Unión Agrícola, for the recovery of the unpaid portion of the mortgage credit. On February 18, 1904, the sale of the mortgaged property was ordered, the 25th of the following month of March being set therefor. This sale did not take place because no bidders appeared, and the same occurred with the second and third sales announced for May 12 and June 20 of said year 1904. On the 23d of said month of June the execution creditors offered the sum of $3,795, the amount of their claim, for the estate, and notice of this offer was served on Tacoronte and La Unión Agrícola on June 30 and August 18, respectively, and they were advised that they could redeem the real property within nine days upon paying the creditors or producing a higher bidder. After the expiration of the term fixed the plaintiffs prayed that the estate should be awarded to them for the price offered in the part proportionate to their respective participation in the full amount of the credit claimed, and then the court, by order of September 19, made the award prayed for and ordered the execution of the proper deed and the issuance of a writ to the marshal to place in possession the persons to whom the estate had been awarded.

In compliance with this order the judge of the Ponce court, José Tous Soto, executed on his own motion in the name of the debtors, La Unión Agrícola and Juan Evaristo Tacoronte, in favor of the creditors represented by their counsel, Julio M. Padilla, the deed of award of September 28, 1904, the admission of which as evidence the Municipality of Adjuntas opposed at the trial.

As may be observed from the foregoing facts, there were no means by which the sale of the mortgaged estate could be made by the marshal as the office had not been created when the sales took place, but they were made by and before the Ponce court in accordance with the law then in force, and consequently the court alone had power to execute the deed of sale or award in payment. It is true that when this deed was executed—that is to say, on September 28, 1904—the Code of Civil Procedure now in force had already gone into effect as had the act creating the office of district marshal, defining his duties and fixing the compensation therefor, and although section 259 of said Code provides that upon a sale of real property the marshal shall give the purchaser a certificate of sale containing, among other things, a statement that the property was subject to the right of redemption, we find no provision whatsoever relating to the official who was to execute the title of ownership upon the expiration of the period for redemption without such redemption having been made.

The Act of March 9, 1905, to amend sections 94, 152, 234, 295, and 302 of the Code of Civil Procedure, and to repeal sections 259 to 266, and all other sections of said Code in so far as they relate to the redemption of property, and for other purposes, is that which provides in its fifth section that when immovable property is sold by the marshal, or other duly authorized officer, at public sale, under an execution or order of sale issued by a court, it shall be the duty of such marshal, or other officer, to execute to the purchaser at such sale a good and sufficient deed for such property, and the costs of making such deed shall be paid by such purchaser; but said Act of March 9, 1905, was not in force on the date the deed of award in question was executed, and therefore it could not be applicable. Nor could section 259 of the Code of Civil Procedure be applied, for the reason that the sale not having been made by the marshal he could not issue the certificate of sale referred to in said section.

Furthermore, in accordance with the civil procedure in force the powers of the marshal are derived from the writ of execution issued by the court. · In compliance with this writ the marshal sells the property, awards it to the highest bidder, and executes to him the proper title; but if there is no writ of execution, as was the case in the summary proceedings which terminated with the deed of award in question, the marshal lacked the power to execute such deed, and it devolved exclusively upon the District Court of Ponce to execute it by operation of law on behalf of the execution debtors.

Such deed, therefore, cannot be considered void, and being valid, it consequently constitutes proof of the right of ownership now claimed by the plaintiffs. Therefore, the motion of the defendant at the trial, praying the court to hold that the action had been withdrawn or abandoned on account of the plaintiff not having produced sufficient evidence on which to base a judgment, was properly overruled.

The appellant has also alleged for the first time in this Supreme Court that the copy of the deed of award presented at the trial as a title of ownership was not certified by the notary who issued it, which is a necessary requisite according to section 70 of the act to regulate the introduction of evidence in order that it may have the value of a public document, and that the plaintiff did not prove that he had reserved his rights when the land in litigation was devoted to a public cemetery more than five years ago, and consequently that there existed in favor of the defendant, in accordance with the provisions of subdivision 37 of section 102 of said act to regulate the introduction of evidence, the presumption of the intention of the owner to devote the land to such use.

These allegations are entirely new, and we might dismiss them at once as extemporaneous; but entering upon an examination thereof, it is sufficient to state as to the first that in the copy presented the certifying notary states that it is a true copy of the original deed on file in his office, by which

words the public record of the document in question may be considered to be proved, according to the provisions of section 70 of the act to regulate the introduction of evidence in relation with section 74; and with regard to the second, that as it has not been proved or even alleged that the land claimed by the plaintiff as his property was devoted to a cemetery for five years with the consent of the owner, it is useless to.invoke in this case the presumption established by subdivision 37 of section 102 of the act to regulate the introduction of evidence, both allegations, therefore, in addition to being extemporaneous, are not admissible on their merits.

For the reasons stated, we believe that the judgment of the District Court of Ponce of April 13 of the current year should be affirmed, with the costs of the appeal also against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.